UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMIE FAVORS** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 14-1786** |
| **OFFICE OF RISK MANAGEMENT ET AL.** | **SECTION "E"** |
| Defendants | |

## ORDER AND REASONS

Before the Court are Defendant Southern Fidelity Insurance Company's motion to dismiss pursuant to Rule 12(b)(6),[1] and the Louisiana Attorney General's motion to dismiss the petition against the Office of Risk Management, Office of Community Development/Disaster Recovery Unit, and Hazard Mitigation Grant Program.[2] The Court has reviewed the briefs, the record, and the applicable law, and now issues this Order and Reasons.

## BACKGROUND

On August 6, 2014, Plaintiff Tommie Favors filed a Complaint *pro se* against Louisiana's Office of Risk Management ("ORM"), Hazard Mitigation Grant Program ("HMGP"), Office of Community Development ("OCM"), LL5 Enterprise, L.L.C., Robert Llopis, Noah W. Lewis & Associates, Noah W. Lewis, Lloyds of London Insurance Company, Southern Fidelity Insurance Company ("SFIC"), City of New Orleans, and Department of Safety and Permits.[3] Favors alleges he entered into a contract with LL5 Enterprise to elevate his home, and LL5 breached the contract when the contractor

---
[1] R. Doc. 16.
[2] R. Doc. 18.
[3] R. Doc. 1.

1

caused damage to his home while elevating the property.[4] Defendant SFIC issued an insurance policy to Favors, which covered damage to his residence. Favors argues SFIC "ha[d] an obligation to inspect the scope of work performed [by] the contractor, but failed to do so."[5] Favors claims the ORM, OCD, and HMGP (collectively "the State Defendants") are liable because personnel in the OCM and HMGP caused him to suffer injuries as a result of misconduct, and the ORM "provide[s] liability insurance coverage for employees in the [OCM] and [HMGP] . . . , who suffer injuries and losses as a result of personnel misconduct."[6] Plaintiff filed suit in federal court bringing claims under 42 U.S.C. §§ 1983 and 1985 for violations of the Fourteenth Amendment and various Louisiana state law claims.[7]

Defendant SFIC and the State Defendants filed motions to dismiss Plaintiff's claims against them in November of 2014.[8]  Attorney Deidre Peterson was enrolled as counsel of record for Favors on December 2, 2014.[9] She requested an extension of time to oppose the motion to dismiss filed by SFIC and was given until December 31, 2014 to file an opposition.[10] On December 12, 2014, she filed a motion for an extension of time to oppose the motion to dismiss filed by the State Defendants, but the motion was marked as deficient by the Clerk's Office.[11] Plaintiff failed to timely file an opposition to either motion. Because the Complaint in this matter was filed *pro se* and since counsel of record was not enrolled until after the motions to dismiss were filed, the Court gave Plaintiff's counsel until February 3, 2015 to file oppositions to the pending motions to

---

[4] *Id.* at ¶¶14, 19.
[5] *Id.* at ¶¶24–25.
[6] *Id.* at ¶¶11–14.
[7] *Id.* at ¶1.
[8] R. Doc. 16; R. Doc. 18.
[9] R. Doc. 19; R. Doc. 23.
[10] R. Doc. 24.
[11] R. Doc. 29.

dismiss.[12] Since the Court's order, nothing has been filed into the record with respect to the motions to dismiss filed by SFIC and the State Defendants.[13]

## STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief.[14] Those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party,[18] but the Court need not accept as true legal conclusions couched as factual allegations.[19] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[20]

## LAW AND ANALYSIS

**A. Defendant Southern Fidelity Insurance Company's motion to dismiss**

Southern Fidelity Insurance Company filed a motion to dismiss the claims

---

[12] R. Doc. 30.
[13] Although these motions are unopposed, the Fifth Circuit has not "'approved the automatic grant, upon failure to comply with [local rules adopted by the Court], of motions that are dispositive of the litigation.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. La.*, 757 F.2d 698, 708–09 (5th Cir. 1985)).
[14] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[15] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[17] *Id.*
[18] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[19] *Iqbal*, 556 U.S. at 678.
[20] *Id.* at 679.

against it for failure to state a claim for relief under Rule 12(b)(6).[21] SFIC issued Favors an insurance policy, which covered damage to his residence. Favors alleges that SFIC had an obligation to inspect the scope of work performed by the contractor who made the repairs and was negligent in failing to inspect, monitor, and evaluate the performance of the contractor before issuing payment.[22] SFIC argues the insurance policy does not obligate SFIC to inspect, monitor, or evaluate the performance of a contractor before issuing payment. SFIC contends Favors has no cause of action against SFIC; thus, he has failed to assert a viable cause of action against SFIC, and SFIC is entitled to an order dismissing the claims against it with prejudice.[23]

Although courts generally are not permitted to review material outside of the pleadings when deciding a Rule 12(b)(6) motion, the Fifth Circuit has recognized an exception: a court may consider documents attached to a Rule 12(b)(6) motion as part of the pleadings if they are referred to in the complaint and are central to the plaintiff's claims.[24] Courts may consider insurance policies, even if the policies are only vaguely mentioned in a complaint.[25] SFIC attached the insurance policy at issue to its motion to dismiss. Because Plaintiff refers in the Complaint to SFIC's obligations owed to him and since the policy is central to Plaintiff's claims against SFIC, the Court may consider the insurance policy when determining whether to dismiss Plaintiff's claims for failure to state a claim.

SFIC contends the claims against it must be dismissed because the insurance policy at issue does not obligate it to inspect, monitor, or evaluate the performance of a

---

[21] R. Doc. 16.
[22] R. Doc. 1, ¶¶26–27.
[23] R. Doc. 16-1 at pp. 1–2.
[24] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[25] *See Harrison v. Safeco Ins. Co. of Am.*, No. 06-4664, 2007 WL 1244268, at *4 (E.D. La. Jan. 26, 2007) (Barbier, J.) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000)).

4

contractor before issuing payment and an insurer is not obligated to perform tasks outside the scope of the insurance policy.[26] "An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties."[27] "The rights and obligations of the parties . . . are predicated upon certain terms and conditions of a contract. The courts may not make a contract for the parties. Their functions and duty consist simply in interpreting and enforcing the agreement as actually made."[28]

Thus, SFIC's only obligations to Favors are those contained in the insurance contract. The Fifth Circuit has recognized that "in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'"[29] In his compliant, Plaintiff fails to cite a specific policy provision breached by SFIC. Accordingly, the claims against SFIC are dismissed for failure to state a claim upon which relief can be granted.

## B. Louisiana Attorney General's motion to dismiss claims against any State of Louisiana Defendants

The Louisiana Attorney General filed a motion to dismiss the claims against the State of Louisiana Defendants, specifically the Office of Risk Management, Office of Community Development/Disaster Recovery Unit, and Hazard Mitigation Grant Program. The State Defendants argue the Complaint should be dismissed because it fails to state a cause of action for which relief may be granted because the entities named do not have juridical capacity to sue or be sued.[30] Additionally, they claim Plaintiff's attempted process and service to sue a State defendant is insufficient, so the Complaint

---

[26] R. Doc. 16-1 at p. 1.
[27] *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988).
[28] *Hallman v. Marquette Cas. Co.*, 149 So. 2d 131, 135 (La. Ct. App. 1963).
[29] *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (unpublished) (quoting *Louque v. Allstate Ins. co.*, 314 F.3d 776, 782 (5th Cir. 2002)).
[30] R. Doc. 18 at p. 1.

5

should be dismissed pursuant to Rule 12(b)(4) and (5).[31] Lastly, they contend the Court lacks jurisdiction over a State defendant, so the Complaint should also be dismissed pursuant to Rule 12(b)(1) and (2).[32]

Plaintiff brings federal claims under 42 U.S.C. § 1983 and § 1985 as well as various state law claims. Defendants ORM, OCR, and HMGP are departments or agencies of the State of Louisiana.[33] With respect to Plaintiff's federal claims under § 1983 and § 1985, these Defendants may not be sued because they do not qualify as "persons" for purposes of these statutes.[34] Further, as departments and agencies of the State of Louisiana, the Eleventh Amendment shields these entities from litigating federal claims brought in this Court.[35] Thus, Plaintiff's federal claims against the State Defendants must be dismissed. Because the Court has dismissed all claims against the State Defendants over which it had original jurisdiction, the Court declines to exercise

---

[31] *Id.*

[32] *Id.*

[33] *See McFarland v. Office of Risk Mgmt.*, No. 14-0407, 2015 WL 419715, at *2 (E.D. La. Jan. 30, 2015) (Zainey, J.) (citing *Lumpkins v. Office of Community Development*, No. 13–6646, 2014 WL 4792188, at *3 (E.D. La. Sept. 24, 2014) (Berrigan, J.) ("The Office of Community Development/Louisiana Economic Development & Disaster Recovery Unit, and the Small Rental Property and Hazard Mitigation Program are departments and agencies of the State of Louisiana."); *Price v. Law Firm of Edwin Shorty, Jr.*, No. 14–1832, 2014 WL 7240157, at *1–2 (E.D. La. Dec. 18, 2014) (Fallon, J.) (same as to the Louisiana Office of Risk Management)).

[34] *See Adams v. Recov. Sch. Dist.*, 463 F. App'x 297, 298 n.5 (5th Cir. 2012) (unpublished) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989)); *McFarland v. Office of Risk Mgmt.*, No. 14-0407, 2015 WL 419715, at *2 (E.D. La. Jan. 30, 2015) (Zainey, J.); *Lumpkins v. Office of Cmty. Dev.*, No. 13-6646, 2014 WL 4792188, at *3 (E.D. La. Sept. 24, 2014) (Berrigan, J.).

[35] *See McFarland*, 2015 WL 419715, at 2; *Oliver v. Univ. of Tex. Sys.*, 988 F.2d 1209 (5th Cir. 1993) (unpublished) (citing *United Carolina Bank v. Bd. of Regents of Stephen F. Austin Univ.*, 665 F.2d 553 (5th Cir. 1982); *Clay v. Tex. Women's Univ.*, 728 F.2d 714 (5th Cir. 1984)). The Eleventh Amendment prohibits suits brought in federal court against a state by citizens of that state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). This sovereign immunity extends to state agencies and entities deemed an "alter ego" or "arm" of the state. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). However, a suit against the state may be brought in federal court if the state waives its sovereign immunity or if Congress has clearly abrogated sovereign immunity. *Id.* at 326. Congress has not abrogated sovereign immunity for claims arising under § 1983 or § 1985, and Louisiana has not waived its sovereign immunity under the Eleventh Amendment from suit in federal court. *See Inyo County, Cal. v. Paiute–Shoshone Indians of the Bishop Community of the Bishop Colony*, 538 U.S. 701, 709 (2003); *Cerrato v. S.F. Cmty. College Dist.*, 26 F.3d 968, 972, 976 (9th Cir. 1994); La. R.S. § 13:5106(A).

supplemental jurisdiction over Plaintiff's state law claims against the State Defendants.[36]

## CONCLUSION

**IT IS ORDERED** that the motion to dismiss filed by Southern Fidelity Insurance Company is **GRANTED**,[37] but Plaintiff's claims against Southern Fidelity Insurance Company are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the State Defendants is **GRANTED** as to Plaintiff's claims against the Office of Risk Management, Office of Community Development / Disaster Recovery Unit, and the Hazard Mitigation Grant Program.[38] All federal claims against the State Defendants are **DISMISSED WITH PREJUDICE**. All state law claims asserted against the State Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

New Orleans, Louisiana, this  27th  day of February, 2015.

SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[36] *See* 28 U.S.C. § 1367(c)(3).
[37] R. Doc. 16.
[38] R. Doc. 18. Additionally, with respect to the Office of Risk Management, Louisiana Revised Statutes § 1538(4) provides: "[T]here shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund." La. R.S. § 15383(4). *See also Hampton v. Greenfield,* 618 So. 2d 859, 863 (La. 1993); *Desoto v. Beaty*, 64 So. 3d 908, 910–11 (La. App. 3 Cir. 2011).