**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TOMMIE FAVORS,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1786** |
| **OFFICE OF RISK MANAGEMENT ET AL.,**<br>**Defendants** | **SECTION "E"** |

**ORDER**

Before the Court are (1) a motion to dismiss for failure to state a claim filed by Defendants Noah W. Lewis and Noah W. Lewis & Associates (collectively "Noah W. Lewis),[1] and (2) a motion to dismiss for lack of jurisdiction filed by Defendant Certain Underwriters at Lloyd's, London ("Lloyd's").[2] No oppositions were filed to either motion. The Court has reviewed the briefs, the record, and the applicable law, and now issues this Order.

**BACKGROUND**

On August 6, 2014, Plaintiff Tommie Favors filed a Complaint *pro se* against Louisiana's Office of Risk Management, Hazard Mitigation Grant Program, Office of Community Development, LL5 Enterprise, L.L.C., Robert Llopis, Lloyds of London Insurance Company, Southern Fidelity Insurance Company, City of New Orleans, Department of Safety and Permits, Noah W. Lewis & Associates, and Noah W. Lewis.[3] Plaintiff alleges claims arising out of construction work performed on his house pursuant to the Louisiana Hazard Risk Management Program. He asserts that LL5

---

[1] R. Doc. 31. Noah W. Lewis also filed another motion to dismiss asking for the same relief. R. Doc. 43.
[2] R. Doc. 32.
[3] R. Doc. 1; R. Doc. 41. Lloyds of London Insurance Company was terminated as a party and replaced by Certain Underwriters at Lloyd's, London.

Enterprise, the contractor on the project, breached their agreement by causing damage to his home while elevating the property.[4] Lloyd's is LL5 Enterprise's general liability insurer, and Plaintiff claims Lloyd's is truly indebted to Plaintiff for damages caused by LL5 Enterprise.[5] With respect to LL5 Enterprise's insurance agent, Noah W. Lewis, the complaint states he failed to take corrective action and failed to file a claim with Lloyd's after Plaintiff reported his damages to the agent.[6] Plaintiff filed suit in federal court claiming this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.[7] The complaint states the "defendants['] conduct violates his U.S. Constitution 14th Amendment, 42 U.S.C. §§ 1983 and 1985."[8] Plaintiff also brings various Louisiana state-law claims.[9]

Attorney Deidre Peterson enrolled as counsel of record for Plaintiff on December 2, 2014.[10] On February 27, 2015, the Court granted two motions to dismiss filed by Defendants Southern Fidelity Insurance Company, the Office of Risk Management, the Office of Community Development / Disaster Recovery Unit, and the Hazard Mitigation Grant Program and dismissed those parties as Defendants.[11] No responses or oppositions were filed by Plaintiff in response to the aforementioned motions.[12] The remaining Defendants in this action are LL5 Enterprise, Robert Llopis, Noah W. Lewis & Associates, Noah W. Lewis, New Orleans City, Department of Safety and Permits, and Lloyd's.

[4] *Id.* ¶¶ 14, 19.
[5] *Id.* ¶¶ 22–23.
[6] *Id.* ¶ 22.
[7] *Id.* ¶ 1.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 19; R. Doc. 23.
[11] R. Doc. 33.
[12] In addition to the regular time period for filing oppositions, the Court *sua sponte* gave Plaintiff's counsel an additional opportunity to file oppositions after the motions had already been submitted to the Court. R. Doc. 30.

On February 12, 2015, Noah W. Lewis and Noah W. Lewis & Associates filed a motion to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted.[13] A few weeks later, Lloyd's filed a motion to dismiss for lack of subject-matter jurisdiction.[14] Again, Plaintiff did not timely file responses or oppositions to either motion. Despite the Court *sua sponte* extending the time for Plaintiff to file oppositions,[15] Plaintiff failed to oppose the motions.

Instead, the day the extended deadline to file oppositions expired, Plaintiff's counsel filed a motion for leave and an extension of time to file an amended and supplemental complaint, which the Clerk's Office marked as deficient.[16] Plaintiff failed to refile the motion within the 7-day period, as instructed by the Clerk's Office. Notwithstanding the deficiencies, the Court granted Plaintiff a period of 21 days in which to file an amended complaint to "provide Plaintiff the opportunity to cure the deficiencies identified in Defendants' pending motions to dismiss."[17] Because the original complaint was filed *pro se*, for clarity purposes, the Court ordered Plaintiff's counsel to file an amended *and superseding* complaint rather than an amended and supplemental complaint.[18]

Despite this instruction and the 21-day extension the Court granted Plaintiff to file the amended complaint, Plaintiff's counsel filed an amended and supplemental complaint that same day, which failed to consolidate the allegations in the original and amended complaints and failed to address the issues presented in the motions to

[13] R. Doc. 31.
[14] R. Doc. 32.
[15] R. Doc. 37. The Court notes that in its Order, the Court warned Plaintiff that failure to file oppositions by April 27, 2015 "will result in dismissal of Plaintiffs' claims against those Defendants." R. Doc. 37.
[16] R. Doc. 38.
[17] R. Doc. 40. In light of Plaintiff's counsel's medical conditions and the fact that the original complaint was filed *pro se*, the Court found there was good cause to grant Plaintiff leave to file an amended and superseding complaint. *Id.*
[18] *Id.*

dismiss pending before the Court.[19] Plaintiff has been given numerous opportunities to oppose the motions to dismiss and/or to file an amended complaint addressing the deficient allegations. Because of Plaintiff's failure to take such actions, the motions to dismiss are ripe for determination.

## LAW AND ANALYSIS

As an initial matter, the Court notes that these motions were set for submission in March 2015. Pursuant to Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Plaintiff did not file any opposition to the motions. The Court gave Plaintiff another opportunity to respond; however, he did not do so.[20] Despite the fact Plaintiff failed to oppose either motion, the Court still considers the briefing before it to determine if the motions have merit. Because there is a Rule 12(b)(1) motion pending, the Court considers Lloyd's motion first to determine whether the Court has subject-matter jurisdiction over Plaintiff's claims before analyzing the Rule 12(b)(6) motion.[21]

### A. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred

[19] R. Doc. 41. The amended and supplemental compliant states Plaintiff desires to delete Southern Fidelity Insurance Company as a party. R. Doc. 41. However, Southern Fidelity is no longer a party to this action. R. Doc. 33. Additionally, it states "Plaintiff desires to delete Louisiana civil code article 1953 and substitute in its place Louisiana Revised Statute 13:5101." R. Doc. 41. The amended complaint also lists numerous duties that Plaintiff claims various Defendants had and makes conclusory statements that they breached those duties. *Id.*

[20] R. Doc. 37.

[21] *See In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir. 2012) ("The court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. Considering Rule 12(b)(1) motions first prevents a court without jurisdiction from prematurely dismissing a case with prejudice." (internal quotation marks and citations omitted)).

by statute, they lack the power to adjudicate claims."[22] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[23] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[24] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[25]

In its motion to dismiss, Lloyd's contends the Court "lacks subject-matter jurisdiction because [Plaintiff's complaint] neither presents a federal question pursuant to 28 U.S.C. § 1331, nor has adequate diversity among the parties to invoke jurisdiction pursuant to 28 U.S.C. § 1332. As such, there is no basis for this Court to exercise supplemental subject-matter jurisdiction pursuant to 28 U.S.C. § 1367."[26]

Diversity jurisdiction is clearly lacking. The complaint states both Plaintiff Tommie Favors and Defendant Robert Llopis are domiciled in Louisiana.[27] Because the Plaintiff and at least one Defendant are citizens of the same state, complete diversity does not exist. Accordingly, for the Court to have subject-matter jurisdiction over Plaintiff's claims, the Court must have federal question jurisdiction.

Taking Plaintiff's allegations in the complaint and amended complaint as true, the Plaintiff asserts federal claims under 42 U.S.C. §§ 1983 and 1985 for

---

[22] *In re FEMA*, 668 F.3d at 286.
[23] *See* Fed. R. Civ. P. 12(b)(1).
[24] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[25] *In re FEMA*, 668 F.3d at 287.
[26] R. Doc. 32 at p. 1.
[27] R. Doc. 1 ¶¶ 2, 7.

unconstitutionally depriving Plaintiff of his property in violation of the Fourteenth Amendment.[28] "When a federal claim appears on the face of the complaint, '[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'"[29] The Fifth Circuit has stated that "[t]he pleading burden to establish federal question jurisdiction is low: only claims 'patently without merit . . . justify the district court's dismissal for want of jurisdiction.'"[30] Nonetheless, the Plaintiff, as the party asserting jurisdiction, bears the burden of proof on a motion to dismiss.[31]

Construing the allegations in the complaint and amended complaint liberally, the Court cannot say Plaintiff's alleged federal claims are so patently without merit as to justify dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Accordingly, the Court finds it has subject-matter jurisdiction over this action and may rule on the merits. Therefore, to the extent the motion filed by Lloyd's seeks dismissal of Plaintiff's federal claims for lack of subject-matter jurisdiction, it is denied. The Court turns its attention to whether Plaintiff's allegations sufficiently state a claim upon which relief can be granted.

**B. Failure to State a Claim**

Noah W. Lewis and Noah W. Lewis & Associates filed a motion to dismiss the claims asserted against them for failure to state a claim arguing they owed no duty to the

---

[28] R. Doc. 1 ¶ 1; R. Doc. 41 ¶ S6.
[29] *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (alteration in original) (quoting *Bell v. Health–Mor*, 549 F.2d 342, 344 (5th Cir. 1977)).
[30] *Id.* (quoting *Suthoff v. Yazoo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981)).
[31] *See Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).

Plaintiff and so Plaintiff does not have a viable claim against them.[32] Additionally, because the substance of a Rule 12(b) motion controls over form,[33] the Court construes the Rule 12(b) motion filed by Lloyd's as a motion to dismiss for failure to state a claim *and* for lack of subject-matter jurisdiction.[34]

The pending motions to dismiss are not filed on behalf of all of the remaining Defendants in this lawsuit. Nonetheless, the Court may dismiss an action pursuant to Rule 12(b)(6) on its own motion, provided the procedure employed is fair.[35] The arguments made by Lloyd's in its motion to dismiss concerning the pleading of Plaintiff's federal claims apply equally to all Defendants in this case. Accordingly, it is most efficient for the Court to apply the Rule 12(b)(6) principles to all federal claims asserted by Plaintiff against all of the remaining Defendants and to rule on those as well.[36]

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the plaintiff fails to set forth a factual allegation in support of his claim that would entitle him to relief.[37] Those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[38] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

[32] R. Doc. 31. They also filed a motion to dismiss for failure to comply with the Court's order to file oppositions. R. Doc. 43.
[33] *See State of La., ex rel. Guste v. United States*, 656 F. Supp. 1310, 1314 (W.D. La. 1986*) aff'd*, 832 F.2d 935 (5th Cir. 1987).
[34] R. Doc. 32. *See, e.g.*, *Fu v. Reno*, No. 99-0981, 2000 WL 1644490, at *2 (N.D. Tex. Nov. 1, 2000); *State of La., ex rel. Guste*, 656 F. Supp. at 1314.
[35] The Fifth Circuit has stated that district courts have the authority to dismiss a complaint *sua sponte* for failure to state a claim. *See Chyba v. BAC Home Loans Servicing, L.P.*, 460 F. App'x 373, 374 (5th Cir. 2012) (unpublished) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)); *see, e.g.*, *ANR Pipeline, Co. v. Louisiana Tax Comm'n*, No. 10-2622, 2011 WL 163547, at *8 (E.D. La. Jan. 19, 2011) *aff'd*, 646 F.3d 940 (5th Cir. 2011) (Zainey, J.).
[36] This is especially true considering it is difficult to decipher from the complaint and amended complaint what claims are being asserted against each defendant.
[37] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[38] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

plausible on its face.'"[39] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[40] The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party,[41] but the Court need not accept as true legal conclusions couched as factual allegations.[42] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[43]

Thus, to survive dismissal for failure to state a claim, Plaintiff's complaint must state a claim to relief that is plausible on its face, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."[44] With respect to Plaintiff's federal claims under 42 U.S.C. §§ 1983 and 1985, Plaintiff has failed to allege any well-pleaded facts constituting an infringement on or conspiracy to deny Plaintiff's constitutional rights under the Fourteenth Amendment.[45] The complaint is vague and fails to set forth any clear, supporting facts for Plaintiff's legal conclusion that the Defendants unconstitutionally deprived Plaintiff of his property or conspired to do so.

---

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[40] *Id.*
[41] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[42] *Iqbal*, 556 U.S. at 678.
[43] *Id.* at 677 (citing *Twombly,* 550 U.S. at 555).
[44] *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).
[45] To state a plausible 42 U.S.C. § 1983 claim, Plaintiff must allege facts satisfying three elements: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor. *See Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Plaintiff claims he was deprived of his property in violation of the 14th Amendment. Plaintiff makes conclusory statements but fails to allege facts supporting the required elements of a § 1983 claim. Further, because Plaintiff has failed to show that state remedies are inadequate with respect to the negligent or intentional deprivation of property, he has not established that he suffered a loss actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984). Plaintiff also states he brings a claim under 42 U.S.C. § 1985(2); however, there are no allegations of obstructing justice or intimidating a party, witness, or juror. Erring on the side of caution, the Court finds Plaintiff also fails to state a claim under 42 U.S.C. § 1985(3). Plaintiff has made conclusory statements but fails to allege facts from which the Court could infer that the Defendants were engaged in a conspiracy to deny Plaintiff his Fourteenth Amendment rights. *See Green v. State Bar of Texas*, 27 F.3d 1083 (5th Cir. 1994). As such, Plaintiff has failed to state a 42 U.S.C. § 1985(2) or (3) claim.

Legal conclusions couched as factual allegations and/or factual conclusions are not sufficient to survive a motion to dismiss for failure to state a claim. The amended complaint filed after the motions to dismiss were submitted to the Court fails to cure these deficiencies.[46]

The procedures employed in this action have been fair. The Court has provided Plaintiff numerous opportunities to oppose the Defendants' motions to dismiss and also granted Plaintiff leave to file an amended complaint, specifically instructing the Plaintiff that the purpose was to provide Plaintiff the opportunity to cure the defects present in the original complaint.[47] Furthermore, the Court has warned Plaintiff of the possibility of dismissal for failure to comply with the Court's order to oppose the motions to dismiss.[48]

Therefore, the Court dismisses Plaintiff's federal claims against all Defendants for failure to state a claim upon which relief can be granted. Because the federal claims fail under Rule 12(b)(6), there is no remaining federal question subject-matter jurisdiction. Pursuant to 28 U.S.C. 1367(a), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Accordingly, Plaintiffs' state-law claims against all Defendants in this case are dismissed without prejudice.

---

[46] *Pro se* pleadings must be given the benefit of liberal construction. *See Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991). However, *pro se* litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Although Plaintiff's initial complaint was *pro se*, the amended complaint was filed while Plaintiff was represented by counsel. Furthermore, the Court is persuaded that Plaintiff has already pleaded his "best case" with respect to his federal claims, so another opportunity to amend before dismissal would not cure the pleading deficiencies. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

[47] *See* R. Doc. 24; R. Doc. 30; R. Doc. 37; R. Doc. 40 (stating that "[a]llowing Plaintiff to file an amended complaint will provide Plaintiff the opportunity to cure the deficiencies identified in Defendants' pending motions to dismiss").

[48] *See* R. Doc. 37; *see also* Fed. R. Civ. P. 41(b).

## CONCLUSION

**IT IS ORDERED** that Defendant Certain Underwriters at Lloyd's, London's motion to dismiss for lack of subject-matter jurisdiction, insofar as it is construed also as a motion to dismiss for failure to state a claim, is **GRANTED**;[49]

**IT IS FURTHER ORDERED** that Plaintiff's federal claims against Defendants Noah W. Lewis & Associates, Noah W. Lewis, Certain Underwriters at Lloyd's, London, and all remaining Defendants in the above-captioned matter are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims against Defendants Noah W. Lewis & Associates, Noah W. Lewis, Certain Underwriters at Lloyd's, London, and all remaining Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction as the Court declines to exercise supplemental jurisdiction over the remaining state-law claims;[50]

**IT IS FURTHER ORDERED** that the pending motions to dismiss filed by Defendants Noah W. Lewis & Associates and Noah W. Lewis are **DENIED AS MOOT**.[51]

New Orleans, Louisiana, this 15th day of May, 2015.

SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[49] R. Doc. 32.
[50] R. Doc. 32.
[51] R. Doc. 31; R. Doc. 43. Because the Court's ruling dismisses all pending claims in this action, the Court need not address the grounds raised by Defendants Noah W. Lewis and Noah W. Lewis & Associates in their motion to dismiss for failure to state a claim.